**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTONIO DARSET KING, SR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 3:20-cv-564-WKW-CWB** |
| **v.** | ) | **[WO]** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Antonio Darset King, Sr. ("King") has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 1).[1] For the reasons discussed below, the undersigned recommends that King's § 2255 motion be dismissed as time-barred. *See* 28 U.S.C. § 2255(f).

**I.     Introduction**

On March 14, 2016, a jury found King guilty of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(2), possession with intent to distribute 5 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 5-6 at pp. 1–2). King, who did not get along with his court-appointed attorneys, represented himself at trial. King, however, was represented by legal counsel at his August 11, 2016 sentencing.[2] (Doc.

---

[1] References to documents in this proceeding are designated as "Doc." References to documents in the underlying criminal case (Case No. 3:14-cr-147-WKW) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

[2] Attorneys Roianne H. Conner and Preston Presley represented King at sentencing. Conner acted as standby counsel during King's trial.

5-12).  The district court sentenced King to 300 months in prison (*Id*. at pp. 40–44) and entered its judgment on August 25, 2016.  (Doc. 5-13).

King thereafter appealed, raising five issues: (1) whether the district court should have granted his motion to suppress; (2) whether pretrial counsel rendered ineffective assistance by failing to litigate the suppression claim; (3) whether King knowingly and voluntarily waived his right to counsel; (4) whether the district court should have granted his motion for judgment of acquittal; and (5) whether the district court should have granted his motion for new trial. On October 25, 2018, the Eleventh Circuit issued an opinion affirming King's convictions and sentence.  (Doc. 5-1); *see United States v. King*, 755 F. App'x 859, 861 (11th Cir. 2018).  The Eleventh Circuit's mandate issued on December 26, 2018.  (Doc. 5-15).  King then filed a petition for writ of certiorari with the United States Supreme Court, which was denied on May 28, 2019. (Crim. Doc. 408).

Again acting *pro se*, King filed his § 2255 motion on August 3, 2020.[3]  In this proceeding, King argues that his pretrial counsel rendered ineffective assistance by failing to properly and fully litigate his motion to suppress.  (Doc. 1 at p. 4).  The Government in turn contends that King's § 2255 motion is time-barred.  (Doc. 5 at pp. 9-10; Doc. 12).  The undersigned agrees and recommends that the motion be denied without an evidentiary hearing and dismissed with prejudice.

---

[3] Although King's motion was stamped as received in this court on August 5, 2020, under the "prison mailbox rule" the court deems his motion filed on the date he states it was placed in the prison mailing system, *i.e.*, August 3, 2020.  (Doc. 1 at p. 12).  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## II.     Discussion

### A.     One-Year Statute of Limitations

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The United States Supreme Court has held that, for purposes of AEDPA's one-year limitation period, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).  Here, the United States Supreme Court denied King's petition for writ of certiorari on May 28, 2019.  (Crim. Doc. 408).  Under 28 U.S.C. § 2255(f)(1), King had until May 28, 2020—one year later—to file his § 2255 motion.  However, his § 2255

motion was not filed until August 3, 2020—over 2 months after the limitations period in § 2255(f)(1) had expired.

King has not shown that any of the provisions in 28 U.S.C. § 2255(f)(2), (3), or (4) apply, *i.e.*, he does not show that a government-created impediment prevented him from filing his § 2255 motion at an earlier date, or that his claims are based on a right newly recognized and made retroactive by the United States Supreme Court, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.   Thus, the limitation period in § 2255(f)(1) controls, and King's motion is untimely.

### B.   Equitable Tolling

The United States Supreme Court has held that the applicable limitation period "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010), but has cautioned "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.  The diligence required is reasonable diligence, not "maximum feasible diligence," and the extraordinary-circumstance prong requires a causal connection between the circumstance and the late filing.  *Id.* at 653; *see also San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011).   "[E]quitable tolling is an extraordinary remedy, … limited to rare and exceptional circumstances and typically applied sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  As such, "[t]he petitioner bears the burden of showing that equitable tolling is warranted."  *Id.*

King argues that equitable tolling should be applied to excuse the untimely filing of his § 2255 motion because, he says, William W. Whatley (an attorney who represented him in state court criminal proceedings) incorrectly advised him in August 2019 that the one-year limitation

period for filing a § 2255 motion began to run on the date the United States Supreme Court denied his petition for rehearing.  (*See, e.g.*, Doc. 10 at pp. 2–4).  After King's petition for writ of certiorari was denied on May 28, 2019, King indeed filed a petition for rehearing (Doc. 10-2 at p. 1) that was denied on August 5, 2019.  (Doc. 10-2 at p. 2).  King claims he relied on Whatley's alleged advice that the limitation period would run from the date of the denial and therefore waited until August 3, 2020 to file his § 2255 motion.[4]  (Doc. 10 at pp. 2–4).

Even assuming that Whatley provided incorrect legal advice to King regarding the limitation period, it would not constitute an "extraordinary circumstance" sufficient to warrant equitable tolling.[5]  Such an error would amount at most to attorney negligence, which has been held as not constituting an "extraordinary circumstance."  *See, e.g., Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable tolling. …  An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling."); *see also Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary'

---

[4]  In *Drury v. United States*, 507 F.3d 1295 (11th Cir. 2007), the Eleventh Circuit addressed whether the limitation period to file a § 2255 motion begins to run when the Supreme Court denies a defendant's petition for writ of certiorari or when it denies the defendant's petition for rehearing of the denial of certiorari:

> We now join our sister circuits and, consistent with the Supreme Court's decision in *Clay [v. United States*, 537 U.S. 522, 527 (2003)], hold that finality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review. Drury's filing of a motion for reconsideration of the Supreme Court's decision did not affect the disposition of his case in the Supreme Court, and we see no reason why such a motion would toll the time for filing a § 2255 motion.  Upon the denial of his certiorari petition, Drury's conviction was final for purposes of the AEDPA's limitations period.  Accordingly, we discern no error in the district court's dismissal of Drury's § 2255 motion as time-barred.

507 F.3d at 1297.

[5]  The court notes that Whatley did not represent King at any stage of the federal proceedings.

circumstances required for equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) (petitioner who relied on mistaken advice of counsel in calculating federal filing deadline not entitled to equitable tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's inadequate research, which led to miscalculation of federal deadline, did not warrant equitable tolling).  King's failure to demonstrate an extraordinary circumstance for the untimely filing of his § 2255 motion precludes any equitable tolling in this case.

### III.   Conclusion

King filed his § 2255 motion after expiration of AEDPA's one-year limitation period as set forth in 28 U.S.C. § 2255(f)(1).  Because no basis for equitable tolling has been shown, the § 2255 motion should be deemed time-barred and not subject to further review.  Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that King's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further ORDERED that, by November 7, 2022, the parties may file written objections to this Recommendation.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 23rd day of October 2022.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**