IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO DARSET KING, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-CV-564-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On October 23, 2022, the Magistrate Judge recommended that Petitioner's *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. # 1) be denied without an evidentiary hearing and dismissed with prejudice. (Doc. # 13.) Petitioner timely filed an objection to the Recommendation. (Doc. # 14.)

In his objection, Petitioner asserts that the one-year statute of limitations should be equitably tolled pursuant to 28 U.S.C. § 2255(f) because William W. Whatley (Attorney Whatley) acted with "bad faith, dishonesty, [and] divided loyalty" when he told Petitioner the incorrect filing deadline for his § 2255 motion. (Doc. # 14 at 11.) Petitioner previously made the same argument. (Doc. # 10.) The Magistrate Judge did not address this argument in his Recommendation but rested his equitable tolling analysis on Attorney Whatley's incorrect advice being merely negligent. (Doc. # 13 at 4–6.)

To obtain equitable tolling of the statute of limitations for a § 2255 motion, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  An "extraordinary circumstance" can include attorney "abandonment," "bad faith, dishonesty, divided loyalty, and mental impairment." *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1236 (11th Cir. 2017).  An "attorney's negligence, for example, miscalculating a filing deadline" is not an "extraordinary circumstance."  *Maples v. Thomas*, 565 U.S. 266, 281–82 (2012); *see Simmons v. Alabama*, No. 1:16CV523-ECM, 2019 WL 1449623, at *2 (M.D. Ala. Apr. 1, 2019).

While Petitioner has consistently asserted that Attorney Whatley gave him incorrect advice about the filing deadline based on dishonesty, bad faith, and divided loyalty, he does not provide much beyond that allegation.  Unlike the petitioner in *Grady v. Jones*, where there was persuasive evidence of fraud by the purported attorney, Petitioner has not provided any evidence that Attorney Whatley acted in bad faith, dishonestly, or with divided loyalty.  No. 3:11-CV-430-WKW, 2014 WL 793541, at *6 (M.D. Ala. Feb. 26, 2014).  So, Petitioner has failed to demonstrate an "extraordinary circumstance" and is not entitled to equitable tolling of the statute of limitations.

Upon a *de novo* review of the record, *see* 28 U.S.C. § 636(b), it is ORDERED that Petitioner's motion is DENIED without an evidentiary hearing, that Petitioner's objections are OVERRULED, that the Recommendation is ADOPTED, and that this action is DISMISSED with prejudice.

A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, the petitioner "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.* Because reasonable jurists would not find the denial of Petitioner's § 2255 petition debatable, it is ORDERED that a certificate of appealability is DENIED.

Final judgment will be entered separately.

DONE this 7th day of December, 2022.

                                              /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE